# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VADIM FLESHLER | CRIMINAL ACTION<br><br>NO. 13-519-1 |

Baylson, J.                                                                                October 16, 2013

## MEMORANDUM

The Court had a hearing on October 10, 2013, on the defendant's Motion For Review of Magistrate's Detention Order (ECF 19). Magistrate Judge Perkin had ordered the defendant detained and the defendant had requested this Court to release him from detention with a series of conditions including house arrest and posting real estate as a bond.

As explained on the record at the hearing, the Court is satisfied that with a combination of conditions, which the defendant was prepared to meet, the defendant does not pose a substantial risk of flight and his appearance at future court hearings and at trial would appear to be secure.

However, as to the other aspects under the statute allowing pretrial detention, the Court is satisfied that the government has shown by clear and convincing evidence that the defendant is a substantial risk to public safety. There are two main facts in the record that compel this result. First, the defendant has a serious record for offenses and although some of them are approximately ten years old or more, the defendant was last released from prison in 2009, at which time he was on state parole. The indictment in this this case alleges that the conspiracy with which the defendant has been charged began in 2010, while he was still on parole. The government asserts that the evidence is strong, but the Court recognizes that the defendant is presumed innocent.

The record, including a report from Pretrial Services, shows that the defendant has several prior convictions, including convictions for burglary and robbery, and that he committed the robbery while he was on house arrest after conviction for the burglary.   Thus, the Court finds that the defendant has previously violated conditions of release.   Furthermore, the government asserts that defendant was in possession of a loaded firearm on the day he was arrested.   The evidence as to this has not been proven, because the gun was located in an automobile, but the defendant was arrested in a private home.   The government asserts there is circumstantial evidence that would warrant a jury finding that the defendant was in possession of the loaded firearm.   As a previously convicted felon, the defendant would be in violation of a federal law, if he was in possession of a firearm.   Because of the defendant's prior convictions, the government asserts that defendant would be subject to the 15 year mandatory minimum as an armed career criminal, if he was convicted of the possession of a firearm.   The government is investigating this and has indicated that it will decide whether to charge the defendant within 30 days.

Under all the circumstances, the Court will **DENY** defendant's Motion for Review of Magistrate's Detention Order at this time.   This is without prejudice to the defendant renewing the Motion if, after 30 days, there is no indictment for possession of the firearm.

An appropriate Order follows.

O:\Criminal Cases\13-519 fleshler\13cr519.memo.bail.docx